**Shawn M. Dickey, OSB No. 05049**
E-mail: shawndickeyattorney@teleport.com
101 S.W. Main St., Ste. 700
Portland OR 97204
Telephone: (503) 546-0512
Facsimile: (503) 546-0513

**David W. Owens, OSB No. 75292**
David W. Owens, P.C., & Associates
E-mail: DWO@owens-law.com
101 S.W. Main St., Ste. 700
Portland, OR 97204
Telephone: (503) 224-3100
Facsimile: (503) 274-8660

FILED'08 JUL 18 11:43USEC-ORM

Attorneys for Plaintiff Joki

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **JULIE M. JOKI** , | Civil No. 08 - 849 - HA |
| Plaintiff, | **COMPLAINT** |
| vs. | (Title VII, ORS 659A.030, ORS 659A.203, 42 U.S.C. §1983) |
| | **DEMAND FOR A JURY TRIAL** |
| **ROGUE COMMUNITY COLLEGE; DR. PETER ANGSTADT, PRESIDENT OF ROGUE COMMUNITY COLLEGE; DENISE SWAFFORD; CINDY HAUSER; VERNE UNDERWOOD; MICHAEL LAAM; AND GALYN CARLILE;** Defendants. | |

 #1350

PAGE 1 – COMPLAINT

## INTRODUCTION

1.      This is an action for declaratory, injunctive, and monetary relief, including attorney's fees and costs, and punitive damages, to redress the defendants' violation of plaintiff's federally protected rights and state statutory and common law rights.

## JURISDICTION AND VENUE

2.      Jurisdiction is conferred upon this Court by 28 U.S.C. §1331, federal question jurisdiction, and 28 U.S.C. §1343, civil rights jurisdiction.

3.      Plaintiff requests this Court to invoke its supplemental jurisdiction pursuant to 28 U.S.C. §1367 with respect to causes of action based on Oregon Law, because the state claims arise from the same nucleus of operative facts as the federal claims, and would ordinarily be expected to be tried in one judicial proceeding.

4. Venue is the District of Oregon pursuant to 28 U.S.C. §1391(b) because the claims arose in this judicial district.

## PARTIES

5.      Plaintiff Julie Joki ("Plaintiff") at all material times was a resident of the State of Oregon.  At all material times, plaintiff was employed by defendant Rogue Community College; in its Humanities Department.

6.      Defendant Rogue Community College ("RCC") is an Oregon public entity with its principal place of business at Grants Pass, Oregon. At all material times, RCC employed at least 15 employees.

7.      Defendant Dr. Peter Angstadt ("Angstadt") was at all material times the President of RCC.

PAGE 2 – COMPLAINT

8.      Defendant Galyn Carlile "Carlile" was Dean of Instruction, supervising all other Deans, including Cindy Hauser. Carlile also had the authority to direct defendant Verne Underwood "Underwood," and plaintiff.

9.      Defendant Cindy Hauser "Hauser" was Associate Dean of Plaintiff's Department at RCC at all material times. Hauser supervised plaintiff and plaintiff's direct supervisor, Underwood.

10.     Defendant Verne Underwood "Underwood" was the Humanities Department Chair beginning in 1998, and plaintiff's direct supervisor, at all material times.

11.     Defendant Michael Laam, "Laam" was at all material times Associate Dean for RCC's Redwood Campus, and from January 13, 2006, until the time plaintiff's employment at RCC ended, was her nominal supervisor.

12.     Defendant Denise Swafford "Swafford" was at all material times the Administrative Coordinator to President Angstadt.

## PROCEDURAL REQUIREMENTS

13.     Plaintiff filed a Tort Claim Notice of charges of unlawful employment practices with RCC. Plaintiff subsequently filed a complaint with the Oregon Bureau of Labor and Industries ("BOLI") and the Equal Employment Opportunity Commission ("EEOC"), in which she asserted that defendants had subjected her to disparate treatment and harassment based on her sex and because she did not conform to gender stereotypes, had created a hostile work environment, subjected her to unlawful retaliation because she complained about the unlawful practices and also retaliated against her for complaining

PAGE 3 – COMPLAINT

about unequal pay based on gender, and for disclosing conduct by RCC management and employees that violated federal and state law.

14.     Plaintiff requested that the case be terminated, and a Right to Sue letter was issued.  The filing of this case is timely because it is before the 90 days allowed by a Right to Sue letter.

## GENERAL ALLEGATIONS

15.     Plaintiff worked for RCC as a faculty member in the humanities department from September 15, 1994, through October 5, 2006.  She became a full-time faculty member beginning in September of 1997.

16.     Plaintiff performed her job in an exemplary manner.  She received national awards for excellence, and a grant to develop an online writing program.

17.     Beginning in approximately 1998 and continuing until the end of her employment, RCC subjected her to discrimination and a hostile work environment because of her sex/gender and because she failed to conform to traditional gender stereotypes.  For example, Hauser would tell plaintiff that she needed to shave her armpits, and Underwood informed her in an email that she had "penis envy."

18.     Plaintiff complained repeatedly about the discrimination and hostile work environment.  One of those complaints was an email sent in July of 2004 to Hauser, Underwood, Laam, among others.

19.     After plaintiff began complaining, RCC retaliated against her and subjected her to further discrimination and harassment.  Examples of treatment include assault by Verne Underwood (See attached Exhibit A), unfounded discipline that was

PAGE 4 – COMPLAINT

later revoked, locking plaintiff out of her office for allegedly abandoning her classes
(which plaintiff did not do), and others (See attached Exhibit A).

20.    Despite her repeated complaints and attempts to get management to
remedy the situation, RCC continued to subject plaintiff to a discriminatory work
environment and to retaliate against her for her complaints.

21.    Plaintiff brought concerns to Nancy Maxwell, "Maxwell" about professors
who where having inappropriate sexual relations with students, some of the students
underage.  Maxwell was the Dean of the Redwood Campus.  Among the men listed were
Mike Laam and Paul Fisher (Union representative).

22.    On October 5, 2006, because of the continuing discrimination, harassment
retaliation, plaintiff resigned her position because working conditions had become so
intolerable and it was clear nothing would be done to change those conditions.

23.    On October 5, 2006, when plaintiff arrived home after departing RCC, she
found a card from a police officer she had taught previously, asking her to call him.  She
did, and within minutes two police vehicles arrived at her house.  When she went outside,
she was greeted by two police officers, one of whom reached for his gun.  The other
officer, who knew plaintiff, realized that she was unarmed and she was surprised to see
the other officer reach for his weapon. He told the other officer everything was ok, and
discussed with plaintiff why he had been called to her home.

24.    Plaintiff learned later by requesting the 911 record; that, on October 5,
2006, after plaintiff resigned her position, Swafford called 911.  Swafford reported to the
emergency dispatcher that plaintiff had a gun.  Swafford stated that plaintiff was
exhibiting "bizarre behavior," that plaintiff had had "a few disciplinary problems" at

RCC, had "gone through some grievance procedures," and also made statements about plaintiff's health that were not substantiated, and even if substantiated should not have been revealed under HIPPAA. Swafford said plaintiff was suicidal.

25.      Plaintiff did not have a gun. She did not own a gun. When the police officer reached for his weapon she was in danger of being shot because of the misinformation the officers had received from the dispatcher, provided by Swafford.

26.      Plaintiff attaches and incorporates by reference Exhibit A, attached hereto. Exhibit A is a timeline of significant events in this complaint. Exhibit A refers to several numbered Exhibits, also attached and incorporated by reference as part of Exhibit A.

## FIRST CLAIM FOR RELIEF

### (Sex/Gender Discrimination – Violation of 42 U.S.C. § 2000e)

27.      Plaintiff incorporates by reference the allegations of paragraphs 1 through 26 as though fully set forth herein.

28.      Defendants discriminated against plaintiff in the terms, conditions, and privileges of her employment on the basis of her sex, in violation of Title VII of the Civil Rights Act of 1991 (42 U.S.C. §2000e) This treatment was based in part on Hauser's belief that plaintiff ought to conform to gender stereotypes, and Underwood's expressed belief that women are inferior to men and that plaintiff had "penis envy." The differences in treatment were so severe and pervasive as to create a hostile work environment.

29.      As a result of defendants' intentional acts alleged herein, plaintiff has been constructively discharged from her job, has lost pay and benefits, suffered severe emotional distress, mental pain and anguish, embarrassment, loss of dignity and self-esteem, sleeplessness, humiliation and loss of enjoyment of life, and reduced earning

capacity, for which plaintiff should recover such sums as may be fixed by a jury based upon proof at trial.

30.      Defendants' acts were done intentionally with an improper, abusive, discriminatory motive, and with reckless indifference to plaintiff's state and federally protected rights.  Punitive damages in an amount as fixed by a jury and available under applicable law, should be awarded to punish defendants and deter such conduct in the future.

31.      Plaintiff is entitled to a declaration that defendants are in violation of the statutory provisions under which plaintiff brings her action and to a permanent injunction enjoining defendant RCC, its officers, management personnel, employees, agents, and all persons in active concert with defendant, from engaging in any discriminatory employment practice, on such terms as the court may direct.

32.      Plaintiff is entitled to an award of attorney fees, expert witness fees and costs incurred herein, pursuant to 42 U.S.C. 1988 and 42 U.S.C. § 2000e 5(k).

## SECOND CLAIM FOR RELIEF

### (Retaliation – Violation of 42 U.S.C. § 2000e)

33.      Plaintiff realleges and incorporates paragraphs 1 through 32 above.

34.      Defendant retaliated against plaintiff due to plaintiff's complaints about and opposition to unlawful employment practices, in violation of Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1991.

35.      As a result of defendants' intentional acts alleged herein, plaintiff has been constructively discharged from her job, has lost pay and benefits, suffered severe emotional distress, mental pain and anguish, embarrassment, loss of dignity and self-

esteem, sleeplessness, humiliation and loss of enjoyment of life, and reduced earning capacity, for which plaintiff should recover such sums as may be fixed by a jury based upon proof at trial.

36.     Defendants' acts were done intentionally with an improper, abusive, discriminatory, and retaliatory motive, and with reckless indifference to plaintiff's state and federally protected rights.  Punitive damages in an amount as fixed by a jury and available under applicable law, should be awarded to punish defendants and deter such conduct in the future.

37.     Plaintiff is entitled to a declaration that defendants are in violation of the statutory provisions under which plaintiff brings her action and to a permanent injunction enjoining defendant RCC, its officers, management personnel, employees, agents, and all persons in active concert with defendant, from engaging in any discriminatory employment practice, on such terms as the court may direct.

38.     Plaintiff is entitled to an award of attorney fees, expert witness fees and costs incurred herein, pursuant to 42 U.S.C. 1988 and 42 U.S.C. § 2000e 5(k).

### THIRD CLAIM FOR RELIEF

### Violation of ORS 659A.030 – Sex Discrimination

39.     Plaintiff realleges and incorporates paragraphs 1 through 38 above.

40.     Defendants treated plaintiff differently in the terms, conditions, and privileges of her employment based on her sex/gender.

41.     As a direct and proximate result of defendants' conduct, plaintiff has been constructively discharged from her job, has lost pay and benefits, suffered severe emotional distress, mental pain and anguish, embarrassment, loss of dignity and self-

esteem, sleeplessness, humiliation and loss of enjoyment of life, and reduced earning capacity, and is entitled to an award of compensatory damages in an amount to be determined at trial.

42.    Plaintiff is also entitled to recover her reasonable attorney's fees, expert fees, and costs pursuant to ORS 659A.885(1).

43.    Defendants acted with malice or reckless indifference to toward plaintiff's rights. Accordingly, punitive damages should be awarded against defendants in an amount to be determined at trial.

## FOURTH CLAIM FOR RELIEF

### Violation of ORS 659A.030(1)(f) - Retaliation

44.    Plaintiff realleges and incorporates by reference paragraphs 1 through 43 above.

45.    Defendants retaliated against plaintiff due to her complaints about and opposition to unlawful employment practices in violation of ORS 659A.030(1)(f).

46.    As a direct and proximate result of defendants' conduct, plaintiff has been constructively discharged from her job, has lost pay and benefits, suffered severe emotional distress, mental pain and anguish, embarrassment, loss of dignity and self-esteem, sleeplessness, humiliation and loss of enjoyment of life, and reduced earning capacity, and is entitled to an award of compensatory damages in an amount to be determined at trial.

47.    Defendants acted with malice or reckless indifference to toward plaintiff's rights. Accordingly, punitive damages should be awarded against defendants in an amount to be determined at trial.

48.     Plaintiff is entitled to a declaration that defendants have violated her state statutory right to be free of retaliation.

49.     Plaintiff is entitled to recover her reasonable attorney's fees, expert fees, and costs pursuant to ORS 659A.885(1).

### FIFTH CLAIM FOR RELIEF

### Public Employee Whistleblowing – ORS 659A.203

50.     Plaintiff realleges and incorporates paragraphs 1 through 49 above.

51.     Defendant retaliated against plaintiff for reporting inappropriate and possibly criminal sexual behavior perpetrated by a number of professors and deans on the faculty at RCC.

52.     Because of this retaliation plaintiff has suffered constructive discharge from her job, lost pay and benefits, severe emotional distress, mental pain and anguish, embarrassment, loss of dignity and self-esteem, sleeplessness, humiliation and loss of enjoyment of life, and reduced earning capacity, and is entitled to an award of compensatory damages in an amount to be determined at trial.

53.     Defendants acted with malice or reckless indifference to toward plaintiff's rights. Accordingly, punitive damages should be awarded against defendants in an amount to be determined at trial.

54.     Plaintiff is entitled to recover her reasonable attorney's fees, expert fees, and costs pursuant to ORS 659A.885(1).

### SIXTH CLAIM FOR RELIEF

### Intentional Infliction of Emotional Distress

55. Plaintiff realleges and incorporates by reference paragraphs 1 through 54 above.

56. Defendants subjected plaintiff to severe emotional distress. Defendants knew or should have known that their conduct was certain, or substantially certain, to cause emotional distress.

57. Plaintiff has suffered and continues to suffer severe emotional distress as a result of defendants' conduct.

58. Defendants' conduct was outrageous, an extraordinary transgression of normal social boundaries.

59. Plaintiff is entitled to such compensatory monetary relief as is appropriate by law, to be determined at trial.

60. Defendants acted with malice or reckless indifference toward plaintiff's rights. Therefore, punitive damages should be awarded against defendants in an amount to be determined at trial.

61. Plaintiff is also entitled to recover her reasonable attorney's fees, expert fees, and costs.

## SEVENTH CLAIM FOR RELIEF

### Battery, Assault

62. Plaintiff realleges and incorporates by reference paragraphs 1 through 61 above.

63. Defendants' intentional conduct also constitutes common law battery and assault. Plaintiff was subjected to intentional touching in the form of physical assault by

Underwood, and other acts, which were harmful and offensive, and caused her damages and psychological injury.

64.    Plaintiff is entitled to such compensatory monetary relief as is appropriate by law, to be determined at trial.

65.    Defendants acted with malice or reckless indifference toward plaintiff's rights. Therefore, punitive damages should be awarded against defendants in an amount to be determined at trial.

66.    Plaintiff is also entitled to recover her reasonable attorney's fees, expert fees, and costs.

## EIGHTH CLAIM FOR RELIEF

### Defamation

67.    Plaintiff realleges and incorporates by reference paragraphs 1 through 66 above.

68.    Defendant Swafford made defamatory, false statements to the emergency dispatcher regarding plaintiff. The statements were false in that plaintiff did not have a gun, was not suicidal, and had not performed poorly in her job. These statements tended to diminish plaintiff's reputation.

69.    Defendant Swafford made several statements that implied plaintiff was unfit to perform her job. These statements are defamatory per se and do not require proff of special damages. Swafford was acting under the direction of Angstadt.

70.    Defendants RCC, Angstadt, and Swafford are liable to plaintiff for damages to her reputation and any other damages allowed by law.

## NINTH CLAIM FOR RELIEF

**(42 U.S.C. § 1983 Equal Protection)**

71.    Plaintiff realleges and incorporates paragraphs 1 through 70 above.

72.    RCC and the other named defendants were acting under color of state law at all times described herein.

73.    As described herein, Defendants Hauser, Carlile, Underwood, Laam, and Angstadt deprived plaintiff of her right to equal protection by discriminating against her on the bases of her gender and creating a hostile work environment, in violation of the Fourteenth Amendment and 42 U.S.C. § 1983.

74.    Alternatively, Defendants Hauser, Carlile, Underwood, Laam, and Angstadt deprived plaintiff of her right to equal protection by irrationally and/or arbitrarily subjecting plaintiff to differential treatment for reasons unrelated to a legitimate governmental objective.

75.    Plaintiff should be awarded lost back pay, front pay, work-related benefits, and economic damages against said Defendants in an amount to be determined at trial.

76.    Plaintiff should also be awarded compensatory or non-economic damages against said defendants for the stress, anxiety, pain, humiliation, and trauma she has suffered, in an amount to be determined at trial.

77.    Because the aforementioned Defendants' conduct was reckless and violated plaintiff's clearly established constitutionally and statutorily protected employment rights, plaintiff should be awarded punitive damages in an amount to be determined at trial.

78.    Plaintiff should be awarded reasonable attorney fees and litigation expenses and costs, including expert witness fees, against said Defendants, pursuant to 42 U.S.C. 1988.

## DEMAND FOR A JURY TRIAL

79.    Plaintiff makes a demand for a jury trial on all questions of fact or combined questions of law and fact raised by this complaint.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff requests the court to:

80.    Declare Defendants in violation of the statutory provisions under which plaintiff brings her action and grant a permanent injunction enjoining Defendants, its owners, officers, management personnel; employees, agents, successors, and assigns, and all persons in active concert or participation with Defendants, from engaging in any discriminatory employment practice, on such terms as the court may direct.

81.    Order Defendants to make plaintiff whole by compensating her for past and future lost earnings and benefits of employment, and lost earning capacity.

82.    Order Defendants to pay plaintiff an award of compensatory damages for nonpecuniary losses, including physical and emotional injury, pain and suffering, mental anguish, humiliation and embarrassment, loss of enjoyment of life, and damage to reputation, as available of each of plaintiff's claims for relief.

83.    Order Defendants to pay plaintiff punitive damages as available on each of plaintiff's claims for relief.

PAGE 14 – COMPLAINT

84.    Award plaintiff her costs of suit and her reasonable attorney fees, costs, and expert witness fees pursuant to 42 U.S.C. § 1988; 42 U.S.C. § 200e-5(k); ORS 659A.885; and ORS 20.107; as available on each of plaintiff's claims for relief.

85.    Order Defendants to pay prejudgment and postjudgment interest, as appropriate, on all amounts due to plaintiff as a result of this action.

86.    Order such further or alternative relief in favor of plaintiff as the court deems appropriate.

DATED this 17th day of July, 2008.

SHAWN M. DICKEY, ATTORNEY AT LAW

*Shawn M. Dickey*
SHAWN M. DICKEY, OSB No. 050499
Of Attorneys for Plaintiff Wood