**Robert E. Franz, Jr.    OSB #73091**
E-Mail:  robertfranz@qwestoffice.net
LAW OFFICE OF ROBERT E. FRANZ, JR.
P.O. Box 62
Springfield, OR 97477
Telephone:  (541) 741-8220
Facsimile:  (541) 741-8234
  Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **Julie M. Joki,** | Case No. 08-849-HA |
| Plaintiff, | |
| v. | **Answer to Plaintiff's Complaint** by Defendants |
| **Rogue Community College;** **Dr. Peter Angstadt**, President Of Rogue Community College; **Denise Swafford**; **Cindy Hauser**; **Verne Underwood**; **Michael Laam**; and **Galyn Carlile**; | Demand for Jury Trial |
| Defendants. | |

Page 1  -  Answer to Plaintiff's Complaint by Defendants

COME NOW the defendants by and through their attorneys, the Law Office of Robert E. Franz, Jr., and for answer to Plaintiff's Complaint on file herein, hereby allege as follows:

1.

Defendants admit that Rogue Community College is an Oregon public body subject to the Oregon Tort Claims Act; that before she voluntary resigned, the plaintiff was employed by the Rogue Community College in its Humanities Department; and that each of the defendants is employed by Rogue Community College in various capacities.

2.

Defendants deny each and every other allegation of Plaintiff's Complaint for the reasons that they are either not true, or that the allegations are improper opinions and conclusions of law, or for the reason that as of this date, defendants do not have sufficient information to form a belief as to the truth or falsity of the allegations; and therefore, must deny them at this time.

• • • • • • • • • • • •

FOR THEIR FIRST, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, defendants allege:

3.

Plaintiff's claims must be dismissed for insufficiency of service of the summons and complaint.

• • • • • • • • • • • •

/ /

/

Page 2  -  Answer to Plaintiff's Complaint by Defendants

FOR THEIR SECOND, FURTHER AND SEPARATE ANSWER BY WAY OF
AFFIRMATIVE DEFENSE, defendants allege:

4.

Defendants are entitled to absolute immunity, legislative immunity, quasi-
judicial immunity, and administrative immunity for the acts complained of by
plaintiff.

• • • • • • • • • • • •

FOR THEIR THIRD, FURTHER AND SEPARATE ANSWER BY WAY OF
AFFIRMATIVE DEFENSE, defendants allege:

5.

Defendants are entitled to an offset for all benefits, wages, or other money
plaintiff has received relating to employment or unemployment from the date her
employment ended to the date of trial.

• • • • • • • • • • • •

FOR THEIR FOURTH, FURTHER AND SEPARATE ANSWER BY WAY OF
AFFIRMATIVE DEFENSE, defendants allege:

6.

Plaintiff's claims, or a portion thereof, are barred by the statute of
limitations, or other statutes, rules, or laws, both federal and state, which limit the
time in which plaintiff had to initiate her claims with the EEOC and BOLI; and
which limit or prescribe the time in which plaintiff had to file and serve a
complaint, summons, or lawsuit; contest; or present the issues raised in her
complaint on file herein.

• • • • • • • • • • • •

/ /

/

FOR THEIR FIFTH, FURTHER AND SEPARATE ANSWER BY WAY OF
AFFIRMATIVE DEFENSE, defendants allege:

7.

Plaintiff's claims, as alleged, resulted from an act or omission of an officer,
employee or agent of the Rogue Community College, when such officer,
employee or agent was immune from liability; therefore, Defendant Rogue
Community College is immune from liability.

• • • • • • • • • • • •

FOR THEIR SIXTH, FURTHER AND SEPARATE ANSWER BY WAY OF
AFFIRMATIVE DEFENSE, defendants allege:

8.

Plaintiff's claims are based upon the defendants' performance of or the
failure to exercise or perform a discretionary function or duty; therefore,
defendants are immune from liability.

• • • • • • • • • • • •

FOR THEIR SEVENTH, FURTHER AND SEPARATE ANSWER BY WAY OF
AFFIRMATIVE DEFENSE, defendants allege:

9.

At all material times, defendants' conduct did not violate clearly
established statutory or constitutional rights which a reasonable person
would have known; and their conduct was objectively reasonable as
measured by reference to clearly established law.  Therefore, defendants are
entitled to immunity pursuant to the doctrine of qualified immunity.

• • • • • • • • • • • •

/ /

/

Page 4  -  Answer to Plaintiff's Complaint by Defendants

FOR THEIR EIGHTH, FURTHER AND SEPARATE ANSWER BY WAY OF
AFFIRMATIVE DEFENSE, defendants allege:

10.

Plaintiff had a continuous obligation to mitigate her damages by obtaining
employment when she was not working for the Rogue Community College, and
defendants are entitled to an offset for any damages attributable to plaintiff's
failure to so mitigate her damages.

• • • • • • • • • • • •

FOR THEIR NINTH, FURTHER AND SEPARATE ANSWER BY WAY OF
AFFIRMATIVE DEFENSE, defendants allege:

11.

Plaintiff's claims are barred for her failure to timely exhaust the
administrative and legal rights and remedies available to her under the common
laws and statutory laws and codes of the United States, the State of Oregon and
Rogue Community College, and for her failure to complete or seek a review or an
appeal of any of her claims and contentions on file herein or any of the decisions
she complains of herein through federal court, state court, or administrative review
pursuant to the laws of the United States, the State of Oregon, and Rogue
Community College .

• • • • • • • • • • • •

FOR THEIR TENTH, FURTHER AND SEPARATE ANSWER BY WAY OF
AFFIRMATIVE DEFENSE, defendants allege:

12.

Plaintiff's damages, if any, are limited to the amounts and kind set forth in
ORS 30.270.

• • • • • • • • • • • •

FOR THEIR ELEVENTH, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, defendants allege:

13.

Plaintiff's claims are barred by claim and issue preclusion.

• • • • • • • • • • • •

FOR THEIR TWELFTH, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, defendants allege:

14.

Plaintiff's exclusive remedy is limited to an action against Rogue Community College; therefore, the individual defendants are entitled to be dismissed from this lawsuit.

• • • • • • • • • • • •

FOR THEIR THIRTEENTH, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, defendants allege:

15.

Any statements made by defendants were absolutely privileged; therefore, defendants are not liable to plaintiff for damages.

• • • • • • • • • • • •

FOR THEIR FOURTEENTH, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, defendants allege:

16.

All or a portion of the damages suffered by plaintiff resulted from her own publication of the statements set forth in her complaint on file herein, or resulted from publication of said statements made with her consent; therefore, plaintiff cannot recover damages from defendants to the extent that such damages resulted from any publication made by her or with her expressed or implied consent.

• • • • • • • • • • • •

FOR THEIR FIFTEENTH, FURTHER AND SEPARATE ANSWER BY WAY OF
AFFIRMATIVE DEFENSE, defendants allege:

17.

Any statements made by defendants were conditionally privileged; therefore,
defendants are not liable to plaintiff for damages.

• • • • • • • • • • • •

FOR THEIR SIXTEENTH, FURTHER AND SEPARATE ANSWER BY WAY OF
AFFIRMATIVE DEFENSE, defendants allege:

18.

Any statements made by defendants were made within the scope and course
of their employment; therefore, defendants are immune from any liability for said
statements.

• • • • • • • • • • • •

FOR THEIR SEVENTEENTH, FURTHER AND SEPARATE ANSWER BY WAY OF
AFFIRMATIVE DEFENSE, defendants allege:

19.

At all material times, defendants had a right pursuant to the First
Amendment of the United States Constitution to express their opinions and views;
therefore, defendants cannot now be held liable for such expressions.

• • • • • • • • • • • •

FOR THEIR EIGHTEENTH, FURTHER AND SEPARATE ANSWER BY WAY OF
AFFIRMATIVE DEFENSE, defendants allege:

20.

At all times material herein, the plaintiff had the duty to avoid or mitigate the
harm alleged in her complaint, and she had the duty to use such means as were
reasonable under the circumstances to avoid or minimize the damages she now
complains.  In this case, the plaintiff has failed to act with reasonable care to take

advantage of the safeguards in place by defendants, and she has failed to otherwise prevent the harm that could have been avoided in doing or failing to take advantage of defendants' complaint procedures, and preventive, and corrective opportunities as set forth in defendants' personnel rules and the union contract.

• • • • • • • • • • • •

FOR THEIR NINETEENTH, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, defendants allege:

21.

At all material times, any statements made of or concerning the plaintiff were true.

• • • • • • • • • • • •

FOR THEIR TWENTIETH, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, defendants allege:

22.

Plaintiff's exclusive remedy for a determination of the issues in this complaint and for dealing with the issues set forth in her complaint was the grievance procedure set forth in the union contract entered into between the plaintiff and her union and the College. Plaintiff's claims are barred for failure to follow the provisions of the union contract.

• • • • • • • • • • • •

FOR THEIR TWENTY-FIRST, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, defendants allege:

23.

Defendants would have made the same decisions regardless of any of the alleged acts set forth in the Plaintiff's Complaint.

• • • • • • • • • • • •

FOR THEIR TWENTY-SECOND, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, defendants allege:

24.

Plaintiff's claims are barred for her failure to timely exhaust the administrative and legal rights and remedies available to her and required of her to exhaust in order to bring the claims set forth in her complaint and her claims are barred for his failure to comply with the necessary requirements that had to be completed prior to filing a lawsuit against the defendants.

• • • • • • • • • • • •

FOR THEIR TWENTY-THIRD, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, defendants allege:

25.

Plaintiff's claims or a portion thereof fail to state facts sufficient to state a claim.

• • • • • • • • • • • •

FOR THEIR TWENTY-FOURTH, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, defendants allege:

26.

At all times material herein, the plaintiff unreasonably failed to take advantage of the preventive or corrective opportunities provided by the defendants and her union, or to avoid harm otherwise; and she failed to act with reasonable care to take advantage of the safeguards in place by defendants and her union, and she has failed to otherwise prevent the harm that could have been avoided in doing or failing to take advantage of defendant's and her union complaint procedures, preventive, and corrective opportunities as set forth in all personnel rules and union contract; and the defendants have exercised reasonable care to prevent and correct any harassing behavior that was in its power to correct and with the

consent of the plaintiff proceeded as requested by the plaintiff; therefore, all of plaintiff's claims are barred by the *Ellerth* Doctrine.

• • • • • • • • • • • •

FOR THEIR TWENTY-FIFTH, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, defendants allege:

27.

Plaintiff commenced grievance procedures in this matter and accepted the outcome and benefits of that grievance; thus, plaintiff's claims are barred by her election of remedies.

• • • • • • • • • • • •

FOR THEIR TWENTY-SIXTH, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, defendants allege:

28.

The plaintiff waived all of her claims by grieving her claims pursuant to the union agreement and accepting the outcome obtained through her grievance procedure.

• • • • • • • • • • • •

FOR THEIR TWENTY-SEVENTH, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, defendants allege:

29.

Plaintiff is not entitled to punitive damages as a matter of law

• • • • • • • • • • • •

/ / /

/ /

/

FOR THEIR TWENTY- EIGHTH, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, defendants allege:

30.

On or about February 17, 2005, plaintiff entered into a settlement agreement wherein she fully released defendants from her claims; therefore, this action must be dismissed.

● ● ● ● ● ● ● ● ● ● ● ●

FOR THEIR TWENTY- NINTH, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, defendants allege:

31.

Plaintiff failed to exhaust her administrative remedies by failing to file a complaint with the EEOC as required as a condition precedent to making some of the claims she now makes; therefore, those claims are barred.

● ● ● ● ● ● ● ● ● ● ● ●

FOR THEIR THIRTIETH, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, defendants allege:

32.

Plaintiff's claims are limited to the allegation set for in Plaintiff's BOLI and EEOC complaint, and any claims or contentions other than those set forth in the BOLI and EEOC complaint are barred.

● ● ● ● ● ● ● ● ● ● ● ●

FOR THEIR THIRTY-FIRST, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, defendants allege:

33.

Plaintiff's claims are barred by her failure to provide a timely tort claim notice.

● ● ● ● ● ● ● ● ● ● ● ●

FOR THEIR THIRTY-SECOND, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, defendants allege:

34.

The plaintiff is estopped to assert any of her claims set forth in her complaint because she grieved her claims pursuant to the union agreement and accepted the outcome obtained through her grievance procedure; and in total reliance upon the acceptance of the outcome, and not otherwise, defendants proceeded forward without taking any further action.

• • • • • • • • • • •

### Notice of Request for Attorney Fees

As a result of the lawsuit filed by plaintiff, the defendants have been required to retain an attorney to represent and defend them.  Defendants are entitled to attorney fees to be fixed by the Court at the conclusion of this matter pursuant to 42 U.S.C. § 1988, 42 U.S.C. § 2000e - 5(k), and ORS 659A.885.

**WHEREFORE,** having fully answered Plaintiff's Complaint on file herein, defendants pray that Plaintiff's Complaint be dismissed, and that defendants have judgment in their favor, and against plaintiff, for their costs and disbursements incurred herein, together with reasonable attorney fees to be fixed by the Court.

DATED:  Monday, November 10, 2008.

Respectfully submitted,

By: _____

LAW OFFICE OF ROBERT E. FRANZ, JR.
**Robert E. Franz, Jr.**
OSB #73091
(541) 741-8220
**Attorney for Defendants**

Page 12  -  Answer to Plaintiff's Complaint by Defendants

**Jury Trial Demand**

Defendants hereby demand
trial by jury pursuant to FRCP 38(b).

_____
**Robert E. Franz, Jr.      OSB #73091**
**Attorney for Defendants**

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing ANSWER TO PLAINTIFF'S COMPLAINT BY DEFENDANTS on Plaintiff on Monday, November 10, 2008, by notice of electronic filing using the CM/ECF System:

Ms. Shawn M. Dickey
Attorney at Law
101 SW Main Street, Ste. 700
Portland, OR 97204
  Of Attorneys for Plaintiff

Mr. David W. Owens
David W. Owens, P.C. & Associates
101 S.W. Main Street, Ste. 700
Portland, OR 97204
  Of Attorneys for Plaintiff

Dated:  Monday, November 10, 2008.

_____
LAW OFFICE OF ROBERT E. FRANZ, JR.
Robert E. Franz, Jr.          OSB #73091
P.O. Box 62
Springfield, Oregon 97477
E-Mail:  robertfranz@qwestoffice.net
Telephone: (541) 741-8220
  Attorney for Defendants

I hereby certify that this
document is a true and
correct copy of the original.


_____
Robert E. Franz, Jr.