**Robert E. Franz, Jr.**   OSB #73091
E-Mail: rfranz@franzlaw.comcastbiz.net
**Elizabeth S. Moseley**   OSB #09589
E-Mail: rfranz@franzlaw.comcastbiz.net
LAW OFFICE OF ROBERT E. FRANZ, JR.
P.O. Box 62
Springfield, OR 97477
Telephone: (541) 741-8220
Facsimile: (541) 741-8234
  Of Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| **Julie M. Joki**, | Case No. 08-849-CL |
| Plaintiff, | |
| v. | **Memorandum of Law** in Support of Motion for Summary Judgment by Defendant Peter Angstadt |
| **Rogue Community College;** **Dr. Peter Angstadt**, President Of Rogue Community College; **Denise Swafford; Cindy Hauser; Verne Underwood; Michael Laam; and Galyn Carlile;** | |
| Defendants. | |

Page 1 -  Memorandum of Law by Defendant Peter Angstadt

COMES NOW Defendant Angstadt, by and through his attorneys, the Law Office of Robert E. Franz, Jr., and hereby submits his memorandum in support of his Motion for Summary Judgment.

The plaintiff has filed a complaint against the defendants stating nine claims for relief: 1) Sex and Gender Discrimination in violation of 42 U.S.C. § 2000(e); 2) retaliation in violation of 42 U.S.C. § 2000(e); 3) Sex Discrimination in violation of ORS 659A.030; 4) Retaliation in violation of ORS 659A.030(1)(f); 5) Public Employee Whistleblowing in violation of ORS 659A.203; 6) Intentional Infliction of Emotional Distress; 7) Battery and Assault; 8) Defamation; and 9) a Violation of Equal Protection, 42 U.S.C. § 1983. Defendant Angstadt moves the Court to grant his motion for summary judgment on all claims, since there is no genuine issue of material fact and he is entitled to judgment as a matter of law, as explained below.

At the outset, Defendant Angstadt moves for summary judgment on all state law claims pursuant ORS 30.265, which states in relevant part:

> "(1) Subject to the limitations of ORS 30.260 to 30.300, every public body is subject to action or suit for its torts and those of its officers, employees and agents acting within the scope of their employment or duties, whether arising out of a governmental or proprietary function or while operating a motor vehicle in a ridesharing arrangement authorized under ORS 276.598. **The sole cause of action for any tort of officers, employees or agents of a public body acting within the scope of their employment or duties and eligible for representation and indemnification under ORS 30.285 or 30.287 shall be an action against the public body only.** The remedy provided by ORS 30.260 to 30.300 is exclusive of any other action or suit against any such officer, employee or agent of a public body whose act or omission within the scope of the officer's, employee's or agent's employment or duties gives rise to the action or suit. No other form of civil action or suit shall be permitted. If an action or suit is filed against an officer, employee or agent of a public body, on appropriate motion the public body shall be substituted as the only

Page 2 - Memorandum of Law by Defendant Peter Angstadt

> defendant. Substitution of the public body as the defendant does not exempt the public body from making any report required under ORS 742.400. (emphasis added)."

Since Defendant Angstadt is an employee of a public body, and all claims alleged against Defendant Angstadt occurred while in the scope of his employment, Defendant Angstadt moves for summary judgment on all state claims. Specifically, Defendant Angstadt moves for summary judgment on Plaintiff's Third, Fourth, Fifth, Sixth, Seventh and Eighth Claims for Relief.

Additionally, Defendant Angstadt, moves for summary judgment on each of Plaintiff's Claims for Relief for the reasons stated below.

## I.    Sex and Gender Discrimination in violation of 42 U.S.C. § 2000(e)

The Plaintiff's First Claim for Relief alleges that she was discriminated against because of her sex in violation of 42 U.S.C. § 2000e-2. 42 U.S.C. 2000e-2(a) states:

> "It shall be an unlawful employment practice for an employer--
>
> **(1)** to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or
>
> **(2)** to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

This provision only applies to "employers." *Id.*; 42 U.S.C. 2000e(b). Defendant Angstadt was not the plaintiff's employer. Although he may have had supervisory authority over the plaintiff as the President of RCC, the Ninth Circuit has held even supervisors are not individually liable for the purposes of Title VII.

*Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587-88 (9th Cir. 1993). Since the plaintiff cannot state a claim for gender discrimination against an individual, Defendant Angstadt moves the Court for summary judgment with regards to the Plaintiff's First Claim for Relief.

## II. Retaliation in violation of 42 U.S.C. § 2000e-3(a)

The Plaintiff's Second Claim for Relief alleges that she was retaliated against in violation of 42 U.S.C. § 2000e-3(a). Under 42 U.S.C. § 2000e-3:

> "It shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment, for an employment agency, or joint labor-management committee controlling apprenticeship or other training or retraining, including on-the-job training programs, to discriminate against any individual, or for a labor organization to discriminate against any member thereof or applicant for membership, because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

This provision only applies to "employers." *Id.*; 42 U.S.C. 2000e(b). Defendant Angstadt was not the plaintiff's employer. Although he may have had supervisory authority over the plaintiff as the President of RCC, the Ninth Circuit has held even supervisors are not individually liable for the purposes of Title VII. *Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587-88 (9th Cir. 1993). Since the plaintiff cannot state a claim for retaliation against an individual, Defendant Angstadt moves the Court for summary judgment with regards to the Plaintiff's Second Claim for Relief.

## III. Sex Discrimination in violation of ORS 659A.030

The Plaintiff's Third Claim for Relief alleges that she was retaliated against because of her sex in violation of ORS 659A.030. ORS 650A.030 states:

> "(1) It is an unlawful employment practice:
> (a) For an employer, because of an individual's race, color, religion, sex, sexual orientation, national origin, marital status or age if the individual is 18 years of age or older, or because of the race, color, religion, sex, sexual orientation, national origin, marital status or age of any other person with whom the individual associates, or because of an individual's juvenile record that has been expunged pursuant to ORS 419A.260 and 419A.262, to refuse to hire or employ the individual or to bar or discharge the individual from employment. However, discrimination is not an unlawful employment practice if the discrimination results from a bona fide occupational qualification reasonably necessary to the normal operation of the employer's business."

This provision only applies to "employers." *Id.*; ORS 659A.001(4). Although the President of RCC, Defendant Angstadt was not the plaintiff's employer. Since the plaintiff cannot state a claim under ORS 659A.030 against a non-employer, Defendant Angstadt moves the Court for summary judgment with regards to the Plaintiff's Third Claim for Relief.

## IV.   Retaliation in violation of ORS 659A.030(1)(f)

The Plaintiff's Fourth Claim for Relief alleges that she was retaliated against in violation of ORS 659A.030(1)(f). Under ORS 659A.030(1)(f), it is unlawful:

> "(f) For any person to discharge, expel or otherwise discriminate against any other person because that other person has opposed any unlawful practice, or because that other person has filed a complaint, testified or assisted in any proceeding under this chapter or has attempted to do so."

To establish prima facie case of retaliation under ORS Chapter 659, the plaintiff must establish "that he engaged in protected activity, his employer subjected him to adverse employment action, and there is a causal link between the protected activity and the employer's action." *Pascoe v. Mentor Graphics Corp.*, 199 F. Supp. 2d 1034, 1052 (D. Or. 2001).

Page 5 - Memorandum of Law by Defendant Peter Angstadt

Here, Defendant Angstadt was not an employer of the plaintiff, but the President of RCC. Because the plaintiff cannot establish a prima facie case as a matter of law against Defendant Angstadt, Defendant Angstadt is entitled to summary judgment as to the Plaintiff's Fourth Claim for Relief.

Even if liability could be imposed on a supervisor, the plaintiff did not suffer an adverse employment action at the hands of Defendant Angstadt. The only actions alleged by the plaintiff that is not barred by the statute of limitations are those occurring after August 1, 2006.[1]

In the plaintiff's ten-page timeline attached to her Complaint, the only complaint she has made against Defendant Angstadt is that he supervised Denise Swafford when she made a public welfare request when concerned about the plaintiff on October 5, 2006, the day of the plaintiff's abrupt departure. However, Defendant Angstadt had nothing to do with the phone call. (Ex. 507: Deposition of Angstadt, pp. 40:23-41:21). He was not even in his office when the phone call was made. (Ex. 527: Deposition of Swafford, p. 19:10-20).

Plaintiff cannot establish a claim under ORS 169A.030(1)(f) as a matter of law since Defendant Angstadt was not her employer, and Defendant Angstadt took no adverse actions against the plaintiff. For these reasons, Defendant Angstadt is entitled to summary judgment on the Plaintiff's Fourth Claim for Relief.

/ /

/

---

[1] Plaintiff filed her BOLI Complaint on August 1, 2007, (Ex. 528: BOLI and EEOC Complaint). Under ORS 659A.820(2), "[a]ny person claiming to be aggrieved by an alleged unlawful practice," must file a complaint "no later than one year after the alleged unlawful practice." Thus, the only events that are not barred are those that occurred after August 1, 2006.

Page 6 - Memorandum of Law by Defendant Peter Angstadt

## V. Public Employee Whistleblowing in violation of ORS 659A.203

The Plaintiff's Fifth Claim for Relief alleges that she was retaliated against in violation of ORS 659A.203. Under ORS 659A.203, it is unlawful for a public employer to:

> "(b) Prohibit any employee from disclosing, or take or threaten to take disciplinary action against an employee for the disclosure of any information that the employee reasonably believes is evidence of:
>
> > (A) A violation of any federal or state law, rule or regulation by the state, agency or political subdivision.
> >
> > (B) Mismanagement, gross waste of funds or abuse of authority or substantial and specific danger to public health and safety resulting from action of the state, agency or political subdivision; . . . ." ORS 659A.203.

This provision only applies to "public employers." *Id.*; ORS 659A.200(3). Defendant Angstadt, RCC president, is not the plaintiff's "employer." Since the plaintiff cannot state a claim under ORS 659A.203 against non-employer, Defendant Angstadt moves the Court for summary judgment with regards to the Plaintiff's Fifth Claim of Relief.

## VI. Intentional Infliction of Emotional Distress

Plaintiff's Sixth Claim for Relief alleges intentional infliction of emotional distress. The plaintiff cannot establish Defendant Angstadt intentionally inflicted emotional distress as a matter of law.

Under the Oregon Tort Claims Act, the tort of infliction of mental distress has a two-year statute of limitations. ORS 30.275. The statute of limitation contained in ORS 30.275 commences "when the plaintiff knows or should know of . . . the injury." *Jack Doe 1 v. Lake Oswego School Dist.*, 242 Or. App. 605, 2011 WL 1878605 (May 18, 2011).

The plaintiff filed her complaint on July 18, 2008. Thus, all acts occurring prior to July 18, 2006, are barred by the statute of limitations. In addition, the

Page 7 - Memorandum of Law by Defendant Peter Angstadt

plaintiff alleges that she gave tort claim notice on March 29, 2007. Thus, all acts occurring prior to September 30, 2006, are barred by plaintiff's failure to give a timely tort claim notice.

In the plaintiff's ten-page timeline attached to her Complaint, the only complaint she has made against Defendant Angstadt occurring after September 30, 2006, is that he supervised Denise Swafford when she made a public welfare request when concerned about the plaintiff on October 5, 2006, the day of the plaintiff's abrupt departure. However, Defendant Angstadt had nothing to do with the phone call. (Ex. 507: Deposition Angstadt, pp. 40:23-41:21). He was not even in his office when the phone call was made. (Ex. 527: Deposition of Swafford, p. 19:10-20). Since Defendant Angstadt took no actions involving the plaintiff after September 30, 2006, Defendant Angstadt is entitled to summary judgment as a matter of law on the Plaintiff's Sixth Claim for Relief.

## VII. Battery and Assault

Defendant Angstadt is entitled to summary judgment as a matter of law with regards to Plaintiff's Seventh Claim for Relief, Battery and Assault. Not only is her claim barred by the statute of limitations, ORS 30.275, the plaintiff alleges absolutely no acts of Defendant Angstadt that could possibly support a battery or assault claim. Defendant Angstadt is entitled to summary judgment with regards to the Plaintiff's Seventh Claim for Relief.

## VIII. Defamation

Defendant Angstadt is entitled to summary judgment as a matter of law with regards to Plaintiff's Eighth Claim for Relief, Defamation, since her claim is barred by the statute of limitations. In Oregon, the statute of limitations for defamation is one year. ORS 12.120(2). The statute generally runs from the date of publication. *Bock v. Collier*, 175 Or. 145, 148, 151 P.2d 732 (1944).

The plaintiff bases her defamation claim on statements made by Denise Sawford on October 5, 2006. (Complaint, ¶ 5, Joki Timeline, p. 9). This case was not filed until July 18, 2008, over 21 months later. The plaintiff is barred from bringing a defamation claim against any defendant. Furthermore, Defendant Angstadt had no involvement with any of the events on October 5, 2006. Defendant Angstadt was not even in his office when Ms. Swafford decided to call about a welfare check. (Ex. 527: Deposition of Swafford, p. 19:10-20). Thus, even if the plaintiff's action was timely, Defendant Angstadt is still entitled to summary judgment on the Plaintiff's Eighth Claim for Relief.

## IX. Equal Protection Violation, 42 U.S.C. § 1983

The Plaintiff's Ninth Claim for Relief alleges that the defendants deprived her to her right to equal protection in violation of the Fourteenth Amendment and 42 U.S.C. § 1983. (Complaint, ¶ 73). The Fourteenth Amendment bars states from denying "to any person within its jurisdiction the equal protection of the laws." Section 1983 provides a remedy for violations of the Equal Protection Clause of the Fourteenth Amendment. *See Flores v. Pierce*, 617 F.2d 1386, 1388-1389 (9th Cir. 1980).

### A. The plaintiff is barred by the statute of limitations from asserting comments allegedly made by Defendant Angstadt before July 18, 2006.

The statute of limitations for filing a section 1983 action is determined by the forum state's statute of limitations for personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 276 (1985). In Oregon, the relevant statute of limitations is two years. ORS 12.110(1); *Sain v. City of Bend*, 309 F.3d 1134, 1139 (9th Cir. 2002). This case was filed on July 18, 2008. Thus, the only actions by Defendant Angstadt that are not barred, are those occurring after July 18, 2006. Here, when looking at the allegations against Defendant Angstadt claiming personal participation, the only event alleged in the complaint is the alleged supervision

Page 9 - Memorandum of Law by Defendant Peter Angstadt

over Denise Swafford who requested a welfare check on October 5, 2006, when the plaintiff abruptly quit her job in the middle of the term.

This alleged action, as explained below, cannot establish Defendant Angstadt violated the plaintiff's right to equal protection as a matter of law.

B.  <u>The only action alleged to have been personally taken by Defendant Angstadt does not violate the plaintiff's right to equal protection since it is insufficient to create liability under Title VII.</u>

To prove discrimination in violation of § 1983, a plaintiff must demonstrate that the defendant acted with the intent to discriminate. Generally the courts apply the same standards to assess a § 1983 claim as they do in a Title VII claim. *See, e.g., Sischo-Nownejad v. Merced Community College Dist.*, 934 F.2d 1104, 1111–1112 (9th Cir. 1991), *superseded on other grounds by statute as stated in Dominguez-Curry v. Nevada Transp. Dept.*, 424 F.3d 1027, 1041 (9th Cir. 2005). A plaintiff who fails to establish intentional discrimination for purposes of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq.*, also fails to establish intentional discrimination for purposes of § 1983. *Id.* Unlike her Title VII claims, however, the plaintiff may bring a § 1983 claim against an individual, but only if that individual is acting under color of state law and that individual personally participated in an alleged rights deprivation.

*(1) Since plaintiff cannot establish a Title VII prima facie case of intentional discrimination against Defendant Angstadt, she cannot establish her Equal Protection Claim.*

The plaintiff's Title VII discrimination claim is based on a hostile work environment theory of recovery, that plaintiff has alleged was so hostile that she was constructively discharged. The applicable standards for a hostile work environment claim under Title VII were explained by the Supreme Court in *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 114 S. Ct. 367 (1993). The Court

Page 10 - Memorandum of Law by Defendant Peter Angstadt

explained Title VII is violated when "the workplace is permeated with discriminatory behavior that is sufficiently severe or pervasive to create a discriminatorily hostile or abusive working environment." *Id.* at p. 368. The Court explained, "[t]his standard requires an objectively hostile or abusive environment-one that a reasonable person would find hostile or abusive-as well as the victim's subjective perception that the environment is abusive. *Id.* To establish a "constructive discharge" as a result of the hostile work environment, the plaintiff must further show that "the abusive working environment became so intolerable that her resignation qualified as a fitting response." *Penn. State Police v. Suders*, 542 U.S. 129, 146, 124 S. Ct. 2342 (2004). To survive summary judgment on a constructive discharge claim, "a plaintiff must show there are triable issues of fact as to whether a reasonable person in his position would have felt he was forced to quit because of intolerable and discriminatory working conditions." *Hardage v. CBS Broad., Inc.*, 427 F.3d 1177, 1184 (9th Cir. 2005), *as amended by*, 433 F.3d 672 and 436 F.3d 1050 (9th Cir. 2006), *cert. denied* 549 U.S. 812 (2006); *see also Penn. State Police v. Suders*, 542 U.S. 129, 146, 124 S. Ct. 2342 (2004).

*(2) The facts alleged against Defendant Angstadt are insufficient to create liability under Title VII and thereby insufficient to establish liability under plaintiff's equal protection theory.*

As explained above, the only timely action asserted by plaintiff is that Defendant Angstadt allegedly supervised Denise Swafford when she requested a public welfare check on the plaintiff after her abrupt resignation. This allegation is not sufficient to create a hostile work environment and an atmosphere that was so intolerable that she was constructively discharged.

Although Defendant Angstadt did not direct Denise Swafford to request a public welfare check, even if he was involved, as a matter of law this could not create a hostile work environment or create a work environment that was so

Page 11 - Memorandum of Law by Defendant Peter Angstadt

intolerable and discriminatory that the plaintiff was forced to quit. The plaintiff had already quit her job at the time Denise Swafford requested a public welfare check. No action taken after the plaintiff quit, can be the basis for a constructive discharge claims. Thus, Defendant Angstadt moves the Court for summary judgment with regards to the Plaintiff's Equal Protection Claim.

  C. <u>The plaintiff's alternative class of one theory fails as a matter of law</u>.

As an alternative theory to establish her Equal Protection Claim, the plaintiff has relied on a class of one theory of recovery claiming that defendants "deprived plaintiff of her right to equal protection by irrationally and/or arbitrarily subjecting plaintiff to differential treatment for reasons unrelated to a legitimate governmental objective." (Complaint, ¶ 74).

The problem with plaintiff's claim and argument is that the United States Supreme Court has held that there is no such cause of action under the Equal Protection Clause of the Fourteen Amendment. *Engquist v. Oregon Dept. of Agriculture*, 553 U.S. 591, 128 S. Ct. 2146 (2008). In its opinion, the Court explained:

> "The question in this case is whether a public employee can state a claim under the Equal Protection Clause by alleging that she was arbitrarily treated differently from other similarly situated employees, with no assertion that the different treatment was based on the employee's membership in any particular class. We hold that such a 'class-of-one' theory of equal protection has no place in the public employment context." *Id*. at 594.

Defendant Angstadt, therefore, is entitled to summary judgment with regards to the Plaintiff's Equal Protection Claim on her class of one theory.

Since the plaintiff cannot establish her Equal Protection Claim under either of her theories as a matter of law, Defendant Angstadt is entitled to summary judgment on the Plaintiff's Ninth Claim for Relief.

## X.   Conclusion

For all of the reasons stated above, Defendant Angstadt moves the Court for summary judgment on each of the plaintiff's nine claims.

DATED: Tuesday, August 30, 2011.

Respectfully submitted,

By: _____
LAW OFFICE OF ROBERT E. FRANZ, JR.
**Robert E. Franz, Jr.**
OSB #73091
(541) 741-8220
**Of Attorneys for Defendants**

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT BY DEFENDANT PETER ANGSTADT on Plaintiff on Tuesday, August 30, 2011, by notice of electronic filing using the CM/ECF System:

Ms. Marianne Dugan
Attorney at Law
259 E. 5th Avenue, Suite 200-D
Eugene, OR 97401
  Of Attorneys for Plaintiff

Ms. Shawn M. Dickey
Attorney at Law
4380 Southwest Macadam, Ste. 590
Portland, OR 97239
  Of Attorneys for Plaintiff

Dated: Tuesday, August 30, 2011.

_____
LAW OFFICE OF ROBERT E. FRANZ, JR.
Robert E. Franz, Jr.     OSB #73091
P.O. Box 62
Springfield, Oregon 97477
E-Mail: rfranz@franzlaw.comcastbiz.net
Telephone: (541) 741-8220
  Of Attorneys for Defendants

I hereby certify that this
document is a true and
correct copy of the original.

_____
Robert E. Franz, Jr.