**Robert E. Franz, Jr.**     **OSB #73091**
E-Mail:  rfranz@franzlaw.comcastbiz.net
**Elizabeth S. Moseley**     **OSB #09589**
E-Mail:  rfranz@franzlaw.comcastbiz.net
LAW OFFICE OF ROBERT E. FRANZ, JR.
P.O. Box 62
Springfield, OR 97477
Telephone:  (541) 741-8220
Facsimile:  (541) 741-8234
  Of Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| **Julie M. Joki**, | Case No. 08-849-CL |
| Plaintiff, | |
| v. | **Memorandum of Law** in Support of Motion for Summary Judgment by Defendant Michael Laam |
| **Rogue Community College; Dr. Peter Angstadt**, President Of Rogue Community College; **Denise Swafford; Cindy Hause**r; **Verne Underwood; Michael Laam**; and **Galyn Carlile**; | |
| Defendants. | |

COMES NOW Defendant Michael Laam, by and through his attorneys, the Law Office of Robert E. Franz, Jr., and hereby submits his memorandum in support of his Motion for Summary Judgment.

The plaintiff has filed a Complaint against the defendants stating nine claims for relief:  1) Sex and Gender Discrimination in violation of 42 U.S.C. § 2000(e); 2) retaliation in violation of 42 U.S.C. § 2000(e); 3) Sex Discrimination in violation of ORS 659A.030; 4) Retaliation in violation of ORS 659A.030(1)(f); 5) Public Employee Whistleblowing in violation of ORS 659A.203; 6) Intentional Infliction of Emotional Distress; 7) Battery and Assault; 8) Defamation; and 9) a Violation of Equal Protection, 42 U.S.C. § 1983.  Defendant Laam moves the Court to grant his motion for summary judgment on all claims, since there is no genuine issue of material fact and he is entitled to judgment as a matter of law, as explained below.

At the outset, Defendant Laam moves for summary judgment on all state law claims pursuant ORS 30.265, which states in relevant part:

> "(1) Subject to the limitations of ORS 30.260 to 30.300, every public body is subject to action or suit for its torts and those of its officers, employees and agents acting within the scope of their employment or duties, whether arising out of a governmental or proprietary function or while operating a motor vehicle in a ridesharing arrangement authorized under ORS 276.598. **The sole cause of action for any tort of officers, employees or agents of a public body acting within the scope of their employment or duties and eligible for representation and indemnification under ORS 30.285 or 30.287 shall be an action against the public body only.**  The remedy provided by ORS 30.260 to 30.300 is exclusive of any other action or suit against any such officer, employee or agent of a public body whose act or omission within the scope of the officer's, employee's or agent's employment or duties gives rise to the action or suit.  No other form of civil action or suit shall be permitted.  If an action or suit is filed against an officer, employee or agent of a public body, on appropriate motion the public body shall be substituted as the only

defendant.  Substitution of the public body as the defendant does not exempt the public body from making any report required under ORS 742.400." (Emphasis added).

Since Defendant Laam is an employee of a public body, and all claims alleged against Defendant Laam occurred while in the scope of his employment, Defendant Laam moves for summary judgment on all state claims.  Specifically, Defendant Laam moves for summary judgment on Plaintiff's Third, Fourth, Fifth, Sixth, Seventh and Eighth Claims for Relief.

Additionally, Defendant Laam, moves for summary judgment on each of Plaintiff's Claims for Relief for the reasons stated below.

## I.    Sex and Gender Discrimination in violation of 42 U.S.C. § 2000(e)

The Plaintiff's First Claim for Relief alleges that she was discriminated against because of her sex in violation of 42 U.S.C. § 2000e-2, and that the differences in her treatment were so severe and pervasive that a hostile work environment was created.  (Complaint, ¶ 28).  Plaintiff alleges that as a result of the environment, she was constructively discharged from her job.  (Complaint, ¶ 29).  42 U.S.C. 2000e-2(a) states:

"It shall be an unlawful employment practice for an employer--

(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or

(2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

This provision only applies to "employers." *Id.*; 42 U.S.C. 2000e(b). Defendant Laam was not the plaintiff's employer. Although he may have had supervisory authority over the plaintiff, the Ninth Circuit has held even supervisors are not individually liable as an employer for the purposes of Title VII. *Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587-88 (9th Cir. 1993). Since the plaintiff cannot state a claim for gender discrimination against a non-employer, Defendant Laam moves the Court for summary judgment with regards to the Plaintiff's First Claim for Relief.

## II.    Retaliation in violation of 42 U.S.C. § 2000e-3(a)

The Plaintiff's Second Claim for Relief alleges that she was retaliated against in violation of 42 U.S.C. § 2000e-3(a). Under 42 U.S.C. § 2000e-3:

> "It shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment, for an employment agency, or joint labor-management committee controlling apprenticeship or other training or retraining, including on-the-job training programs, to discriminate against any individual, or for a labor organization to discriminate against any member thereof or applicant for membership, because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

This provision only applies to "employers." *Id.*; 42 U.S.C. 2000e(b). Defendant Laam was not the plaintiff's employer. Although he may have had supervisory authority over the plaintiff, the Ninth Circuit has held even supervisors are not individually liable as an employer for the purposes of Title VII. *Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587-88 (9th Cir. 1993). Since the plaintiff cannot state a claim for retaliation against a non-employer, Defendant Laam moves

the Court for summary judgment with regards to the Plaintiff's Second Claim for Relief.

## III.    Sex Discrimination in violation of ORS 659A.030

The Plaintiff's Third Claim for Relief alleges that she was retaliated against because of her sex in violation of ORS 659A.030.  ORS 659A.030 states:

> "(1) It is an unlawful employment practice:
>     (a) For an employer, because of an individual's race, color, religion, sex, sexual orientation, national origin, marital status or age if the individual is 18 years of age or older, or because of the race, color, religion, sex, sexual orientation, national origin, marital status or age of any other person with whom the individual associates, or because of an individual's juvenile record that has been expunged pursuant to ORS 419A.260 and 419A.262, to refuse to hire or employ the individual or to bar or discharge the individual from employment. However, discrimination is not an unlawful employment practice if the discrimination results from a bona fide occupational qualification reasonably necessary to the normal operation of the employer's business."

This provision only applies to "employers."  *Id.*; ORS 659A.001(4). Although Defendant Laam was the plaintiff's supervisor for a portion of her employment, he was not the plaintiff's employer.  Rather they were both employees of RCC.  Since the plaintiff cannot state a claim under ORS 659A.030 against a non-employer, Defendant Laam moves the Court for summary judgment with regards to the Plaintiff's Third Claim for Relief.

## IV.    Retaliation in violation of ORS 659A.030(1)(f)

The Plaintiff's Fourth Claim for Relief alleges that she was retaliated against in violation of ORS 659A.030(1)(f).  Under ORS 659A.030(1)(f), it is unlawful:

> "(f) For any person to discharge, expel or otherwise discriminate against any other person because that other person has opposed any unlawful practice, or because that other person has filed a complaint,

testified or assisted in any proceeding under this chapter or has attempted to do so."

To establish prima facie case of retaliation under ORS Chapter 659, the plaintiff must establish "that he engaged in protected activity, his employer subjected him to adverse employment action, and there is a causal link between the protected activity and the employer's action." *Pascoe v. Mentor Graphics Corp.*, 199 F. Supp. 2d 1034 (D. Or. 2001).

Here, Defendant Laam was not an employer of the plaintiff, and the plaintiff cannot establish a prima facie case as a matter of law against Defendant Laam. Thus, Defendant Laam is entitled to summary judgment as to the Plaintiff's Fourth Claim for Relief.

Even if liability could be imposed on a supervisor, the plaintiff did not suffer an adverse employment action at the hands of Defendant Laam. The only actions alleged by the plaintiff that is not barred by the statute of limitations are those occurring after August 1, 2006.[1]

In the plaintiff's ten-page timeline attached to her Complaint, the only action alleged to actually have been taken by Defendant Laam after August 1, 2006, was:

1)      That Mike Laam was seated in her WR 122 class to observe her on October 5, 2006. (Joki Timeline, p. 9).

However, observing a class is not "discharge[ing], expel[ing] or otherwise discriminat[ing] against any other person." Defendant Laam was merely there to observe her as a concerned supervisor. He did not discharge or expel her, but on

---

[1] Plaintiff filed her BOLI Complaint on August 1, 2007, (Ex. 325: BOLI and EEOC Complaint). Under ORS 659A.820(2), "[a]ny person claiming to be aggrieved by an alleged unlawful practice," must file a complaint "no later than one year after the alleged unlawful practice." Thus, the only events that are not barred are those that occurred after August 1, 2006.

the other hand tried to encourage her to stay and not leave in the middle of the term. (Ex. 307: Deposition of Laam, pp. 22:14-23:20).

Nor was this action taken because the plaintiff "opposed any unlawful practice, or because [the plaintiff] has filed a complaint, testified or assisted in any proceeding under [ORS ch. 659] or has attempted to do so." Defendant Laam decided to observe the plaintiff's class, after hearing from approximately 14 students that the plaintiff had been acting erratically in class. (Affidavit of Laam, Ex. B). He had heard from at least one student, Amanda Graves, that the plaintiff had bought a gun and intended to shoot soldiers. (Ex. 319: Deposition of Graves, Exhibit 1). Defendant Laam, the plaintiff's supervisor, observed her class because of the numerous complaints about her strange behavior, not because she opposed any unlawful practice. (Ex. 307: Deposition Laam, pp. 27-29; Affidavit of Laam). Indeed, it would have been irresponsible, and have exposed RCC to liability, had RCC not taken reasonable actions and observed the plaintiff after receiving complaints such as Ms. Graves' or Mr. Worthington's.

Regardless, of Defendant Laam's actions that day, the plaintiff had already decided to quit. She had her letter of resignation already prepared when she came to class and saw Defendant Laam there to observe. (Joki Timeline, p. 9). Any actions taken by Defendant Laam, did not cause the plaintiff to leave, but that decision had already been made.

Plaintiff cannot establish a claim under ORS 659A.030(1)(f) since Defendant Laam was not her employer, he never discharged, expelled, or discriminated against the plaintiff in any manner, and any actions he did take that plaintiff perceived negatively were because of the numerous concerns from students and not because the plaintiff opposed any unlawful employment practice. Furthermore, the plaintiff had reached her decision to quit her job at RCC prior to Defendant Laam appearing in her WR122 class on October 5, 2006; none of his

actions could have contributed to plaintiff's resignation. For these reasons, Defendant Laam is entitled to summary judgment with regards to the Plaintiff's Fourth Claim for Relief.

## V.    Public Employee Whistleblowing in violation of ORS 659A.203

The Plaintiff's Fifth Claim for Relief alleges that she was retaliated against in violation of ORS 659A.203. Under ORS 659A.203, it is unlawful for a public employer to:

"(b) Prohibit any employee from disclosing, or take or threaten to take disciplinary action against an employee for the disclosure of any information that the employee reasonably believes is evidence of:

(A) A violation of any federal or state law, rule or regulation by the state, agency or political subdivision.

(B) Mismanagement, gross waste of funds or abuse of authority or substantial and specific danger to public health and safety resulting from action of the state, agency or political subdivision; . . . ." ORS 659A.203.

This provision only applies to "public employers." *Id*.; ORS 659A.200(3). Defendant Laam is not a "public employer." Since the plaintiff cannot state a claim under ORS 659A.203 against non-employer, Defendant Laam moves the Court for summary judgment with regards to the Plaintiff's Fifth Claim of Relief.

## VI.    Intentional Infliction of Emotional Distress

Plaintiff's Sixth Claim for Relief alleges intentional infliction of emotional distress. The plaintiff cannot establish Defendant Laam intentionally inflicted emotional distress as a matter of law.

Under the Oregon Tort Claims Act, the tort of infliction of mental distress has a two-year statute of limitations. ORS 30.275. The statute of limitation contained in ORS 30.275 commences "when the plaintiff knows or should know of . . . the injury." *Jack Doe 1 v. Lake Oswego School Dist.*, 242 Or. App. 605, 2011 WL 1878605 (May 18, 2011).

The plaintiff filed her complaint on July 18, 2008. Thus, all acts occurring prior to July 18, 2006, are barred by the statute of limitations. In addition, the plaintiff alleges that she gave tort claim notice on March 29, 2007. Thus, all acts occurring prior to September 30, 2006, are barred by plaintiff's failure to give a timely tort claim notice.

Looking at the Plaintiff's Complaint, and attached exhibits the only timely alleged behavior to state her claim against Defendant Laam allegedly occurred on October 5, 2006, when he came to observe her WR122 class.

However, no reasonable fact-finder could determine that this action constitutes intentional infliction of emotional distress by Defendant Laam. To establish the tort of intentional infliction of emotional distress, the plaintiff must show that:

> "(1) The 'defendant intended to inflict severe mental or emotional distress' or that the distress is certain or substantially certain to result from the defendant's conduct;
>
> (2) The defendant's acts 'in fact cause[d] the plaintiff severe mental or emotional distress'; and
>
> (3) The defendant's acts consisted of 'some extraordinary transgression of the bounds of socially tolerable conduct' or exceeded 'any reasonable limit of social toleration.'" *Patton v. J.C. Penney Co.*, 301 Or. 117, 122, 719 P.2d 854 (1986) (*quoting Hall v. The May Dept. Stores*, 292 Or. 131, 135, 137, 637 P.2d 126 (1981)).

Defendant Laam's observation of a class, as the teacher's supervisor in no way is conduct that can establish the tort of Intentional Infliction of Emotional Distress. First, Defendant Laam did not intend to inflict emotional distress, but only intended to take the best course of action involving the complaints he received from the plaintiff's students about her erratic behavior. (Affidavit of Laam). Nor

would any jury find that Defendant Laam's conduct would substantially result in distress to plaintiff.

Second, the act of observing a supervisee, after receiving numerous complaints, is not "some extraordinary transgression of the bounds of socially tolerable conduct." Defendant Laam had heard from 14 students that the plaintiff had been acting erratically. (Affidavit of Laam, Ex. B). Defendant Laam had heard from at least one, Amanda Graves that the plaintiff had bought a gun and planned to shoot soldiers in the feet. (Ex. 319: Deposition Graves, Exhibit 1). Defendant Laam had heard from multiple students that the plaintiff was cussing, and yelling at students in class. (Affidavit of Laam; Ex. 319: Deposition of Graves; Ex. 320: Deposition Jansson; Ex. 321: Deposition of Worthington). No reasonable jury could possibly find it was an "extraordinary transgression" to observe a teacher after her supervisor had received these complaints.

Since Defendant Laam's conduct is insufficient to state a claim for intentional infliction of emotional distress, Defendant Laam moves the Court for summary judgment with regards to the Plaintiff's Sixth Claim for Relief.

## VII.  Battery and Assault

Defendant Laam is entitled to summary judgment as a matter of law with regards to Plaintiff's Seventh Claim for Relief, Battery and Assault. Not only is her claim barred by the statute of limitations, ORS 30.275, the plaintiff alleges absolutely no acts of Defendant Laam that could possibly support a battery or assault claim. Defendant Laam is entitled to summary judgment with regards to the Plaintiff's Seventh Claim for Relief.

## VIII. Defamation

Defendant Laam is entitled to summary judgment as a matter of law with regards to Plaintiff's Eighth Claim for Relief, Defamation, since her claim is barred by the statute of limitations. In Oregon, the statute of limitations for

defamation is one year. ORS 12.120(2). The statute generally runs from the date of publication. *Bock v. Collier*, 175 Or. 145, 148, 151 P.2d 732 (1944).

The plaintiff bases her defamation claim on statements made on October 5, 2006. (Complaint, ¶ 5, Joki Timeline, p. 9). This case was not filed until July 18, 2008, over 21 months later. The plaintiff is barred from bringing a defamation claim against any defendant. For these reasons, Defendant Laam moves the Court for summary judgment with regards to the Plaintiff's Eighth Claim for Relief.

## IX.    Equal Protection Violation, 42 U.S.C. § 1983

The Plaintiff's Ninth Claim for Relief alleges that the defendants deprived her to her right to equal protection in violation of the Fourteenth Amendment and 42 U.S.C. § 1983. (Complaint, ¶ 73). The Fourteenth Amendment bars states from denying "to any person within its jurisdiction the equal protection of the laws." Section 1983 provides a remedy for violations of the Equal Protection Clause of the Fourteenth Amendment. *See Flores v. Pierce*, 617 F.2d 1386, 1388-1389 (9th Cir. 1980).

A.    The plaintiff is barred by the statute of limitations from asserting comments allegedly made by Defendant Laam before July 18, 2006.

The statute of limitations for filing a section 1983 action is determined by the forum state's statute of limitations for personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 276 (1985). In Oregon, the relevant statute of limitations is two years. ORS 12.110(1); *Sain v. City of Bend*, 309 F.3d 1134, 1139 (9th Cir. 2002). This case was filed on July 18, 2008. Thus, the only actions by Defendant Laam that are not barred, are those occurring after July 18, 2006. Here, when looking at the allegations against Defendant Laam claiming personal participation, the only event alleged in the complaint is that he observed the plaintiff's WR122 class on October 5, 2006.

This alleged action, as explained below, cannot establish Defendant Laam violated the plaintiff's right to equal protection as a matter of law.

      B.    <u>The only action alleged to have been personally taken by Defendant Laam does not violate the plaintiff's right to equal protection since it is insufficient to create liability under Title VII.</u>

To prove discrimination in violation of § 1983, a plaintiff must demonstrate that the defendant acted with the intent to discriminate. Generally the courts apply the same standards to assess a § 1983 claim as they do in a Title VII claim. *See, e.g., Sischo-Nownejad v. Merced Community College Dis*t., 934 F.2d 1104, 1111–1112 (9th Cir. 1991), *superseded on other grounds by statute as stated in Dominguez-Curry v. Nevada Transp. Dept.*, 424 F.3d 1027, 1041 (9th Cir. 2005). A plaintiff who fails to establish intentional discrimination for purposes of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq.*, also fails to establish intentional discrimination for purposes of § 1983. *Id.* Unlike her Title VII claims, however, the plaintiff may bring a § 1983 claim against an individual, but only if that individual is acting under color of state law and that individual personally participated in an alleged rights deprivation.

    *(1) Since plaintiff cannot establish a Title VII prima facie case of intentional discrimination against Defendant Laam, she cannot establish her Equal Protection Claim.*

The plaintiff's Title VII discrimination claim is based on a hostile work environment theory of recovery, that plaintiff has alleged was so hostile that she was constructively discharged. The applicable standards for a hostile work environment claim under Title VII were explained by the Supreme Court in *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 114 S. Ct. 367 (1993). The Court explained Title VII is violated when "the workplace is permeated with discriminatory behavior that is sufficiently severe or pervasive to create a

discriminatorily hostile or abusive working environment." *Id*. at p. 368. The Court explained, "[t]his standard requires an objectively hostile or abusive environment-one that a reasonable person would find hostile or abusive-as well as the victim's subjective perception that the environment is abusive. *Id*. To establish a "constructive discharge" as a result of the hostile work environment, the plaintiff must further show that "the abusive working environment became so intolerable that her resignation qualified as a fitting response." *Penn. State Police v. Suders*, 542 U.S. 129, 146, 124 S. Ct. 2342 (2004). To survive summary judgment on a constructive discharge claim, "a plaintiff must show there are triable issues of fact as to whether a reasonable person in his position would have felt he was forced to quit because of intolerable and discriminatory working conditions." *Hardage v. CBS Broad., Inc.*, 427 F.3d 1177, 1184 (9th Cir. 2005), *as amended by*, 433 F.3d 672 and 436 F.3d 1050 (9th Cir. 2006), *cert. denied* 549 U.S. 812 (2006); *see also Penn. State Police v. Suders*, 542 U.S. 129, 146, 124 S. Ct. 2342 (2004).

        *(2)  The facts alleged against Defendant Laam are insufficient to create liability under Title VII and thereby insufficient to establish liability under plaintiff's equal protection theory.*

        As explained above, the only timely action asserted by plaintiff that Defendant Laam personally participated in, was that he observed her writing class after receiving numerous complaints. However, observing a supervisee is not sufficient to create a sexually hostile work environment and an atmosphere that was so intolerable that she was constructively discharged.

        Here, no reasonable fact finder could determine that being observed by a supervisor after numerous complaints were received created a hostile work environment, nor would a reasonable fact finder determine that the environment was so intolerable and discriminatory that she was forced to quit. Furthermore, the observation had nothing to do with plaintiff's sex. Defendant Laam observed the

Page 13  -  Memorandum of Law by Defendant Michael Laam

plaintiff because of student complaints, not because she was a female. Even if this observation somehow could be perceived as creating a sexually hostile work environment, it did not contribute to the plaintiff's alleged "constructive discharge." As alleged by the plaintiff, she had already written her resignation letter and handed it to Defendant Laam when she walked up to him and asked him why he was in her class on October 5, 2006. Since the plaintiff had already decided to resign at that point, no actions by Defendant Laam contributed to her constructive discharge. Since the hostile work environment claim under Title VII would fail based on Defendant Laam's actions, the plaintiff's Equal Protection Claim is likewise insufficient as a matter of law.

       C.     The plaintiff's alternative class of one theory fails as a matter of law.

       As an alternative theory to establish her Equal Protection Claim, the plaintiff has relied on a class of one theory of recovery claiming that defendants "deprived plaintiff of her right to equal protection by irrationally and/or arbitrarily subjecting plaintiff to differential treatment for reasons unrelated to a legitimate governmental objective." (Complaint, ¶ 74).

       The problem with plaintiff's claim and argument is that the United States Supreme Court has held that there is no such cause of action under the Equal Protection Clause of the Fourteen Amendment. *Engquist v. Oregon Dept. of Agriculture*, 553 U.S. 591, 128 S. Ct. 2146 (2008). In its opinion, the Court explained:

> "The question in this case is whether a public employee can state a claim under the Equal Protection Clause by alleging that she was arbitrarily treated differently from other similarly situated employees, with no assertion that the different treatment was based on the employee's membership in any particular class. We hold that such a 'class-of-one' theory of equal protection has no place in the public employment context." *Id.* at 594.

Defendant Laam, therefore, is entitled to summary judgment with regards to the Plaintiff's Equal Protection Claim on her class of one theory.

Since the plaintiff cannot establish her Equal Protection Claim under either of her theories as a matter of law, Defendant Laam is entitled to summary judgment on the Plaintiff's Ninth Claim for Relief.

**X.    Conclusion**

For all of the reasons stated above, Defendant Laam moves the Court for summary judgment on each of the plaintiff's nine claims.

DATED:  Wednesday, August 31, 2011.

Respectfully submitted,

By: _____

LAW OFFICE OF ROBERT E. FRANZ, JR.
**Robert E. Franz, Jr.**
OSB #73091
(541) 741-8220
**Of Attorneys for Defendants**

CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing MEMORANDUM OF LAW IN
SUPPORT OF MOTION FOR SUMMARY JUDGMENT BY DEFENDANT MICHAEL
LAAM on Plaintiff on Wednesday, August 31, 2011, by notice of electronic filing
using the CM/ECF System:

Ms. Marianne Dugan
Attorney at Law
259 E. 5th Avenue, Suite 200-D
Eugene, OR 97401
  Of Attorneys for Plaintiff

Ms. Shawn M. Dickey
Attorney at Law
4380 Southwest Macadam, Ste. 590
Portland, OR 97239
  Of Attorneys for Plaintiff

Dated: Wednesday, August 31, 2011.

LAW OFFICE OF ROBERT E. FRANZ, JR.
Robert E. Franz, Jr.        OSB #73091
P.O. Box 62
Springfield, Oregon 97477
E-Mail: rfranz@franzlaw.comcastbiz.net
Telephone: (541) 741-8220
  Of Attorneys for Defendants

I hereby certify that this
document is a true and
correct copy of the original.

Robert E. Franz, Jr.